■ FRANK GRILLO, Appellant-Respondent, v. ST. LUKE'S HOSPITAL CENTER et al., Respondents, and SIMPSON ELECTRIC CORP., Appellant.— In a negligence action to recover damages for personal injuries, (1) plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, as amended on June 25, 1970, as is in favor of defendants St. Luke's Hospital Center and Cauldwell Wingate Co., Inc., against him, upon a jury verdict, and (2) defendant Simp-

son Electric Corp. appeals from so much of said amended judgment as is in favor of plaintiff and against it, upon a jury verdict of $175,000. Judgment insofar as it is in favor of plaintiff against Simpson Electric Corp. reversed, on the law, and new trial and severance of action granted as between said parties, with costs to abide the event. The questions of fact as between said parties have not been considered. Judgment affirmed insofar as it is against plaintiff, with separate bills of costs to respondents St. Luke's Hospital Center and Cauldwell Wingate Co., Inc., against plaintiff. In our opinion, the trial court's failure to distinguish the obligations of the subcontractor, Simpson, from the general duty of the owner and the general contractor in charging the substance of sections 200 and 241 of the Labor Law and related rules authorized the jury to hold Simpson liable for breach of a general duty to provide plaintiff with a safe place to work (see, e.g., *Employers Mut. Liab. Ins. Co. of Wis.* v. *Di Cesare & Monaco Concrete Constr. Corp.*, 9 A D 2d 379, 383–385). We are unable to determine whether it was this erroneous theory or a proper one which led to the general verdict and reversal is required (*Cady* v. *City of New York*, 35 A D 2d 202, 205). Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.